# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ANA MARIA A., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security,[1] <br><br> Defendant. | Case No. CV 18-08411-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Ana Maria A. ("Plaintiff") appeals from the Social Security Commissioner's final decision rejecting her application for Social Security disability insurance benefits ("DIB") and Supplemental Security Income ("SSI").[2] For the reasons set forth below, the Commissioner's decision is reversed and this case is remanded for further proceedings.

---

[1] Under Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Andrew M. Saul is hereby substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this action.

[2] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

# I.
# BACKGROUND

Plaintiff applied for DIB and SSI and alleged disability beginning April 14, 2014. See Dkt. 22, Administrative Record ("AR") 234-41. After her claim was denied initially and on reconsideration, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). See AR 59-83. Plaintiff was not represented at the hearing. See AR 61.

On October 30, 2017, the ALJ issued a written decision. See AR 40-51. The ALJ determined that Plaintiff had the severe impairments of history of right foot surgery; dysfunction of the major joints; disorder of muscle, ligament, and fascia in the right knee and right shoulder; and disorder of the lumbar and cervical spine. See AR 42-43. The ALJ found that Plaintiff's affective disorder did not cause more than minimal limitation in her ability to perform basic mental work activities and was therefore non-severe. See AR 43-45. The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. See AR 45-46. The ALJ then determined that Plaintiff's residual functional capacity ("RFC") limited her to light work with certain additional limitations. See AR 46. The ALJ concluded that Plaintiff was not disabled because she could return to her past relevant work of microchip assembler (DOT 726.684-034) as actually performed. See AR 50-51. Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. See AR 51.

After considering additional evidence, the Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 10-16. This action followed. See Dkt. 1.

# II.

# DISCUSSION

A. **The ALJ Did Not Err in Determining Plaintiff's Mental Impairments Were Not Severe**

Plaintiff argues that substantial evidence did not support the ALJ's determination that her mental impairments were non-severe. See JS at 28-33.

### 1. Applicable Law

"In step two of the disability determination, an ALJ must determine whether the claimant has a medically severe impairment or combination of impairments." Keyser v. Comm'r SSA, 648 F.3d 721, 725 (9th Cir. 2011). Severe impairments have more than a minimal effect on an individual's ability to perform basic work activities. See Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005). The inquiry at this stage is "a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." Social Security Ruling ("SSR") 85-28. For mental impairments, the ALJ examines four broad functioning areas and determines the degree of limitation in each of four broad functional areas, assigning each a value on a five-point scale. See 20 C.F.R. §§ 404.1520a(c), 416.920a(c).

"The ALJ in a social security case has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1288). "When the claimant is unrepresented, however, the ALJ must be especially diligent in exploring for all the relevant facts." Id. The duty is also heightened when the plaintiff "may be mentally ill and thus unable to protect her own interests." Id. But, "[a]n ALJ's duty to

develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

**2.    Analysis**

Here, the ALJ determined Plaintiff's mental impairments were not severe after considering the opinions of a psychiatric consulting examiner, two state agency psychiatric consultants, and Plaintiff's treating physician. See AR 43-45. Only Plaintiff's treating physician opined that Plaintiff's impairments were "severe, disabling." AR 380, 382. The ALJ gave little weight to the treating physician's opinion because "the determination of disability is an issue reserved to the Commissioner." AR 45. Plaintiff does not challenge this determination.

Plaintiff argues that the ALJ erred in failing to consider treatment records from Plaintiff's pain management physician who indicated that Plaintiff had depression. See JS at 28-29. But these records simply list depression as a symptom without discussion. See, e.g., AR 434, 441. And generally an ALJ "need not discuss every single piece of evidence." Botswick v. Berryhill, 677 F. App'x 344, 345 (9th Cir. 2017); see also Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (noting that the "ALJ is not required to discuss evidence that is neither significant nor probative"). Here, the ALJ considered the pain management physician's treatment records, see AR 47 (citing treatment records), but did not find the conclusory report that Plaintiff had depression probative of the severity of her mental impairments. Put differently, nothing in the physician's records contain any discussion of the symptoms of Plaintiff's mental impairments to help the ALJ determine whether those impairments are severe.

Plaintiff also argues that the ALJ mischaracterized the consulting psychiatric examiner's opinion. See JS at 30. Plaintiff is correct that the ALJ's

discussion of the consulting examiner's opinion appears to contain a typographical error such that the ALJ stated that Plaintiff "is taking Xanax, which she reports <u>to</u> benefit or improvement" when in fact the consulting examiner wrote that Plaintiff was "taking a psychotropic medication with reported <u>no</u> benefit or improvement." <u>Compare</u> AR 43 (emphasis added), <u>with</u> AR 502 (emphasis added). But this typographical error does not implicate the consulting examiner's ultimate findings, which were that Plaintiff had no limitations on simple and repetitive or detailed and complex tasks; no difficulties with social functioning; no difficulties focusing and maintaining attention; and no limitations on interacting with coworkers or the public. <u>See</u> AR 502. Accordingly, any error was harmless as it did not affect the ALJ's conclusion that Plaintiff's mental impairments were not severe. <u>See</u> <u>Molina v. Astrue</u>, 674 F.3d 1104, 1122 (9th Cir. 2012).

      Otherwise, the ALJ accurately laid out the consulting examiner's findings, noting that those findings were largely unremarkable. <u>See</u> AR 43-44. While the examiner opined that the mild impact of Plaintiff's mental impairments would improve with proper treatment by a psychiatrist, she also opined that Plaintiff had a GAF score of 75, which corresponds to only a slight impairment. <u>See</u> AR 502. The ALJ properly considered this evidence while evaluating Plaintiff on the four broad areas of functioning and in determining that Plaintiff's mental impairments were not severe. <u>See</u> AR 43-44.

      Further, as the ALJ noted, statements from Plaintiff and her sister were consistent with the ALJ's determination Plaintiff's mental impairments were non-severe. <u>See</u> AR 43-45. Plaintiff stated that she handles stress "very well" and changes in routine "well," gets along well with authority figures, and can follow spoken instructions. AR 288-89. Similarly, her sister reported that Plaintiff was good at handling spoken instructions in Spanish and gets along well with others. <u>See</u> AR 280-81.

As long as the ALJ's determination is supported by substantial evidence, the Court cannot engage in second-guessing. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). A reviewing court may set aside the Commissioner's denial of benefits only when the ALJ's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 1997) (emphasis added). "Substantial evidence" is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001).

Based on its review of the record, the Court concludes that the ALJ had substantial evidence supporting the determination that Plaintiff's mental impairments were not severe. Furthermore, the ALJ did not have a duty to further develop the record because the evidence was not ambiguous and there was sufficient evidence for a proper evaluation. See id. at 459-60.

**B.     The ALJ Erred in Failing to Support Her Conclusion that Plaintiff Could Do Past Relevant Work as Actually Performed**

Plaintiff also argues that the ALJ erred in finding that Plaintiff could return to her past relevant work as a microchip assembler. See JS at 5-11.

### 1.     Applicable Law

"At step four, a claimant has the burden to prove that he cannot perform his past relevant work 'either as actually performed or as generally performed in the national economy.'" Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016) (citation omitted). There are "two sources of information that may be used to define a claimant's past relevant work as actually performed: a properly completed vocational report . . . and the claimant's own testimony." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001). Although the burden of proof

lies with the plaintiff at step four, the ALJ has the duty to make factual findings to support his ultimate conclusion. See id. at 844. The ALJ can meet this burden by comparing the physical and mental demands of the past relevant work with the plaintiff's actual RFC. See id. at 845. The ALJ's decision must contain:

> 1. A finding of fact as to the individual's [RFC].
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
> 3. A finding of fact that the individual's [RFC] would permit a return to his or her past job or occupation.

Breed v. Massanari, 18 F. App'x 505, 507 (9th Cir. 2001).

### 2. Analysis

Here, the ALJ found that Plaintiff could return to her past relevant work as an assembler as actually performed. See AR 50-51. Plaintiff testified about one of her past jobs where she worked on "stereos, radios, speakers." AR 65. She told the ALJ that she was always seated and lifted up to 5 pounds. See id. She also told the ALJ that she had to "constantly" use her right hand and wrist to perform her work. AR 71.

The ALJ based her finding on a vocational expert ("VE"), who testified that a hypothetical individual with Plaintiff's age, education, lack of proficiency in English, work experience, and RFC would be able to perform the stereo/radio/speaker assembly job described by Plaintiff as actually performed. See AR 50. The VE characterized this job as a microchip assembler. See AR 76. The VE testified as follows: "Well, in looking at the microchip assembler, Your Honor, that's generally and actually performed at sedentary, it confirms with the reaching and handling limitation of the right dominant extremity; so that job would be able to be performed within this hypothetical." AR 78. Before giving this testimony, the VE confirmed that she

had reviewed Plaintiff's vocational background, including her work history report in which she described her work as an assembler. See AR 75.

But other than this brief statement by the VE, nothing else in the record supports the ALJ's finding that Plaintiff could perform her past work as an assembler as actually performed. For example, Plaintiff's work history report, which appears to combine two prior jobs as an assembler, indicates that Plaintiff had to reach and handle constantly. See AR 264. But her RFC limits her to occasional overhead reaching with her right arm. See AR 46. Moreover, the ALJ failed to make any findings of fact as to the physical and mental demands of the assembler job as actually performed. Instead, the ALJ based her determination that Plaintiff could do her past relevant work as actually performed on the VE's testimony. See AR 50. But other than the single sentence quoted above, the VE never discussed the demands placed on Plaintiff in her past work. Given the ALJ's lack of findings on what Plaintiff's past work actually required, the Court cannot determine that the ALJ's finding that Plaintiff could do her past relevant work as actually performed was supported by substantial evidence. See Pinto, 249 F.3d at 845.[3]

**C.  Remand Is Warranted**

The ALJ's error at step four of the analysis precludes the Court from affirming the finding that Plaintiff could perform her past relevant work. An ALJ's error at step four may be harmless where "the ALJ properly concluded as an alternative at step five that [the claimant] could perform work in the national and regional economies." Tommasetti v. Astrue, 533 F.3d 1035, 1044 (9th Cir. 2008). But here the ALJ made no such alternative finding. See AR 50-51. Therefore, this Court cannot affirm the ALJ's finding of not disabled.

---

[3] On remand, the ALJ should also address any conflict between Plaintiff's past relevant work as actually performed and her limitations on usage of her hand, wrist, and shoulder.

The decision whether to remand for further proceedings is within this Court's discretion. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014) (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Here, the Court finds that remand is the appropriate remedy to allow the ALJ the opportunity to correct the above-mentioned deficiencies in the record. On remand, the ALJ must make the requisite factual findings as to the physical demands of Plaintiff's prior work as a microchip assembler and whether Plaintiff's RFC precludes her from returning to her past relevant work as actually performed.

# III.
# CONCLUSION

The decision of the Social Security Commissioner is REVERSED and this case is REMANDED.

Date: January 21, 2020  \_\_\_\_

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge